UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:08-CV-00471-TBR

DENNIS HOBBS, et al.

PLAINTIFFS

v.

AMERICAN SECURITY INSURANCE CO.                                    DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant American Security Insurance Company's Renewed Motion to Dismiss (Docket #6). Plaintiffs have filed a response (Docket #12) and Defendant has filed a reply (Docket #15). Plaintiffs have also filed a surreply (Docket #16). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

On March 25, 2006, the home of Plaintiffs Dennis and Phyllis Hobbs was damaged in a fire. At that time, the Hobbs's home was insured under a fire and casualty insurance policy issued by Defendant American Security Insurance Company. Home Solutions D, LLC and RISCO, LLC are also named Plaintiffs in this suit. However, they acquired interests in the home after March 25, 2006.

On March 21, 2008, Plaintiffs filed an original complaint in state court alleging breach of contract due to Defendant's failure to pay all of the proceeds collectible under the insurance policy. Defendant moved to dismiss the claim based on a one-year limitations clause in the insurance policy. The state court judge initially granted the motion, but later set his decision aside after Plaintiffs moved to respond.

Defendant's motion to dismiss was never reconsidered by the state court.  Instead, Defendant sought removal to federal court based on diversity jurisdiction after Plaintiffs' filed their second amended complaint.  Plaintiffs assert in their second amended complaint that Defendant is estopped from asserting a contractual limitations defense based on Defendant's misrepresentation of the amount to be properly paid under the policy.  Plaintiffs also claim that Defendant acted with bad faith in violation of Kentucky's Unfair Settlement Claims Practices Act.  Defendant now renews its motion to dismiss based on the insurance policy's limitations provision.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarified the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965.

**DISCUSSION**

**I.  Attachment of Insurance Policy**

Generally, if matters outside the pleadings are presented to the court on a motion to

dismiss under Rule 12(b)(6), then the motion must be treated as one for summary judgment

under Rule 56.  Fed. R. Civ. P. 12(d).  However, "a document that is not formally incorporated

by reference or attached to a complaint may still be considered part of the pleadings. . . . when

[that] document is referred to in the complaint and central to the plaintiff's claim."  *Greenberg v.*

*Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal citations omitted).  When

this occurs, the defendant may submit an authentic copy of the document to the court without the

requirement that the motion to dismiss be converted into a motion for summary judgment.  *Id.*

Defendant attached with its motion to dismiss a copy of the insurance policy issued to

Dennis Hobbs, consisting of a cover letter, a policy data sheet, and the boilerplate language of

the policy.  Plaintiffs repeatedly refer to the insurance policy throughout their original and

amended complaints.  Because each cause of action alleged by Plaintiffs relates to and arises

from the policy's coverage, the policy is central to Plaintiffs' claims.  Therefore, the Court will

consider the insurance policy without requiring the conversion of Defendant's motion to dismiss

into a motion for summary judgment.  The Court will not consider the two affidavits attached

with Plaintiffs' response as they fall outside the pleadings.

**II.  Limitations Clause**

The insurance policy issued to Plaintiffs includes a limitations clause that states: "No

action shall be brought unless there has been compliance with the policy provisions and the

action is started within one year after the loss."  Neither party disputes that there has been

3

compliance with the policy provisions.  Defendant argues that because the fire loss occurred on

March 25, 2006 and Plaintiffs waited over a year to file their original complaint on March 21,

2008, the complaint is barred by the policy's one-year limitation period.  Because Plaintiffs

brought this action over one year from the date of loss, Defendant argues that Plaintiffs' breach

of contract claim fails to state a claim upon which relief can be granted.  In response, Plaintiffs

offer four arguments against dismissal.

In *Smith v. Allstate*, the Sixth Circuit, interpreting Kentucky law, concluded that the one-

year limitations clause of a fire insurance policy was valid and enforceable against plaintiff

homeowners.  403 F.3d 401 (6th Cir. 2005).  Because Kentucky courts have a history of

enforcing limitations clauses in insurance policies and Kentucky has a statute explicitly allowing

foreign insurers to limit the time for commencing actions against them, the Sixth Circuit

concluded that limitations clauses are valid as a matter of law.  *Id.* at 404-05; *see* Ky. Rev. Stat.

§304.14-370.  Under the Sixth Circuit's understanding, the only way a limitations clause would

be unenforceable under Kentucky law would be if it did not leave the insured a reasonable time

in which to sue.  *Id.* at 405.

### A.  Policy Language

Plaintiffs do not argue that the limitations clause left them with an unreasonable time in

which to sue.  Instead, Plaintiffs appear to argue that the limitations clause is ambiguous.

The Court understands Plaintiffs to argue that they took "actions sufficient to meet the

requirements set out in the policy."  Plaintiffs never explicitly state what those action were.

Then, Plaintiffs allege that Defendant took over a year to pay under the policy.  Plaintiffs argue

that Defendant's payment after the limitations period shows that Defendant believed Plaintiffs

had already taken an "action" sufficient under the policy to satisfy the limitations period.

Defendant responds that the "action" referred to in the limitations clause is unambiguous and

clearly refers to a legal action to be filed by Plaintiffs; the clause does not refer to any other

"actions" taken by Plaintiffs or Defendant.

"As a general rule, the construction and legal effect of an insurance contract is a matter of

law for the court." *Bituminous Cas. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633, 638

(Ky. 2007). Under Kentucky law, "it clear that ambiguous language must be liberally construed

so as to resolve all doubts in favor of the insured. [W]here not ambiguous, the ordinary meaning

of the words chosen by the insurer is to be followed. Or stated another way, words which have

no technical meaning in law, must be interpreted in light of the usage and understanding of the

common man." *Id.* (internal citations omitted).

The limitations clause clearly states that "[n]o action shall be brought unless there has

been compliance with the policy provisions and the action is started within one year after the

loss." Directly preceding this language is the heading: "Suit Against Us." The plain meaning of

"action" in this instance is a legal action. Plaintiffs cite no case law in favor of their alternative

interpretation of the limitations clause. Accordingly, the Court finds that Plaintiffs' argument is

without merit. The limitations clause is unambiguous and remains otherwise enforceable under

Kentucky law.

**B. Estoppel**

Under Kentucky law, "estoppel is an equitable remedy that courts often invoke to prevent

a party from benefitting from its misconduct." *Hitachi Automotive Products USA, Inc. v. Craig*,

--- S.W.3d ----, 2008 WL 4691706 *3 (Ky. 2008). "A party may be estopped to plead a

limitations defense if the party's false representation or fraudulent concealment reasonably induces inaction on the part of the plaintiff." *Id.* "The elements of estoppel include: 1.) acts, language, or silence amounting to a representation or concealment of material facts; 2.) the facts are known to the estopped party but unknown to the other party; 3.) the estopped party acts with the intention or expectation that the other party will rely on its conduct; and 4.) the other party does so to its detriment." *Id.*

In their second amended complaint, Plaintiffs allege that Defendant represented that it had paid the proper amount due under the policy. Plaintiffs claim that such representations were false and that Plaintiffs relied on them to their detriment. Defendant is correct that Plaintiffs' pleadings are terse. Plaintiffs do not allege that Defendant made any representation that it would pay more than it did, or that Defendant knew that the payment it made was not proper under the policy. However, under the *Twombly* pleading standard, the pleadings are sufficient to provide fair notice to Defendant that Plaintiffs have alleged an estoppel claim. *See Twombly*, 127 S. Ct. at 1965.

Under Kentucky law, contractual limitations provisions are valid and readily enforceable. *See Edmondson v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989) (citing *Stansbury v. Smith*, 424 S.W.2d 571, 572 (Ky. 1968); *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. Ct. App. 1978)). Plaintiffs do not dispute that the contractual limitations period expired before they filed suit. Nonetheless, Defendant's limitations defense goes to the merits of Plaintiffs' estoppel claim and is an argument best reserved for a motion for summary judgment. At this time, the Court finds that the pleadings are sufficient for Plaintiffs to state a claim for estoppel.

## C.  Kentucky's Unfair Claims Settlement Practices Act

Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") allows an insured to recover when an insurance company "[m]isrepresent[s] pertinent facts or insurance policy provisions relating to coverages at issue." KRS § 304.12-230.  "The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant [*sic*] with respect to a claim which the insurance company is contractually obligated to pay.  Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).

Plaintiffs allege that Defendant acted with bad faith in violation of the UCSPA when it made false representations to Plaintiffs about its policy coverage.  Defendant argues that the limitations clause precludes Plaintiffs from asserting their bad faith claim since there can be no contractual obligation where Plaintiffs failed to comply with the one-year limitation period.  The Court agrees with Defendant that Plaintiffs cannot sustain their bad faith claim under Kentucky law if the policy's limitations clause applies in this case.  However, whether or not the policy's limitations clause applies goes to the merits of Plaintiffs' bad faith claim and cannot be resolved on a motion to dismiss.  At this time, the Court finds the pleadings sufficient to state a claim for bad faith under Kentucky's UCSPA.

## E.  Discovery Rule

Under Kentucky law, the discovery rule is a "means by which to identify the 'accrual' of a cause of action when an injury is not readily ascertainable or discoverable." *Wiseman v. Alliant Hospitals, Inc.*, 37 S.W.3d 709, 712 (Ky. 2000).  The rule is limited to a set of specified causes of action, including personal injury, malicious prosecution, libel, slander, and medical

malpractice.  KRS § 413.140(1).  Kentucky courts are reluctant to extend the discovery rule beyond the causes of action specified by statute.  *See Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 289 (Ky. Ct. App. 1998) ("The courts in this Commonwealth have been reluctant to extend the discovery rule and have applied it narrowly. . . .").

Plaintiffs argue that the discovery rule provides an exception to the insurance policy's limitations clause.  Plaintiffs do not identify the particular cause of action under the discovery rule that allows for accrual in this case, although they do argue that the UCSPA "should be viewed as having been drafted for the purpose of applying a discovery rule to cases such as this." Defendant responds that the discovery rule is inapplicable to Plaintiffs' bad faith claim because the rule is limited to instances in which an injury was concealed or unknowable to the prospective plaintiff.  *See Wiseman*, 37 S.W.3d at 712.  Because Plaintiffs have failed to identify any concealed representations made by Defendant, Defendant argues that Plaintiffs cannot rely on the discovery rule.

The Court agrees with Defendant that Plaintiffs' reliance on the discovery rule is misplaced.  However, the Court reaches this conclusion not because Plaintiffs have failed to identify concealed representations made by Defendant, but rather because Plaintiffs have not alleged a cause of action to which the discovery rule extends.  *See* KRS § 413.140(1).  Plaintiffs also do not cite, nor has the Court been able to locate, any case law extending the discovery rule to the UCSPA.  Therefore, the Court finds that the discovery rule does not apply in this case.

### III.  Home Solutions D, LLC and RISCO, LLC

In their original complaint, Plaintiffs allege that Home Solutions D, LLC and RISCO, LLC are businesses that acquired interests in the Hobbs's home after the date of loss.  Defendant

argues that Plaintiffs Home Solutions D, LLC and RISCO, LLC are not parties to the insurance

contract and therefore have no privity, standing, or right to assert bad faith claims against

Defendant.  Plaintiffs do not address Defendant's argument in their response and surreply.  It

remains unclear how Home Solutions D, LLC and RISCO, LLC acquired interests in the

property.

"[A] policy of insurance is a personal contract between the insurer and the insured."  16

Williston on Contracts § 49:3 (4th ed. 2008).  Where there is no privity of contract between the

insurer and a claimant, there can be no recovery under the insurance policy unless the insured

makes an assignment to the claimant.  *Manchester Ins. & Indem. Co. v. Grundy*, 531 S.W.2d

493, 498 (Ky. 1976).

Under the *Twombly* pleading standard, a plaintiff must allege sufficient factual

allegations to give the defendant "fair notice concerning the nature of the claim and the grounds

upon which it rests."  *Twombly*, 127 S. Ct. at 1965.  Plaintiffs Home Solutions D, LLC and

RISCO, LLC have failed to meet this standard.  Plaintiffs allege that Home Solutions D, LLC

and RISCO, LLC acquired interests in the property after the loss, but they do allege what

interests they acquired nor the means by which they acquired them.  The insurance policy lists

Dennis Hobbs as the insured and Chase Home Finance, LLC as the insured mortgagee.  The

names Home Solutions D, LLC and RISCO, LLC appear nowhere throughout the policy.

Moreover, Plaintiffs fail to address this issue in either their response brief or surreply.  The

pleadings as such leave the Defendant unsure of the extent of its alleged liability or the grounds

upon which that liability rests.  Therefore, the Court finds that under the *Twombly* pleading

standard, Plaintiffs have failed to state a claim as to Home Solutions D, LLC and RISCO, LLC.

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is GRANTED in part and

DENIED in part.  Plaintiffs Home Solutions D, LLC and RISCO, LLC are dismissed.

An appropriate order shall follow.