# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO.: 3:08-CV-000471-TBR

**DENNIS HOBBS, et al.**                                                                             **PLAINTIFFS**

**v.**

**AMERICAN SECURITY INSURANCE COMPANY**               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, American Security Insurance Company's ("ASIC"), Motion for Discovery Sanctions (DN 27). Plaintiffs, Dennis and Phyllis Hobbs, have filed a response (DN 28). Defendant has filed a reply (DN 30). Plaintiffs have filed a surreply (DN 35). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

Also before the Court is Plaintiffs' Motion for Leave to file a Surreply (DN 32, 34). Defendant has filed a response (DN 33). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' Motion is GRANTED.

Also before the Court is Defendant's Motion to Strike Plaintiffs' Unauthorized Filings (DN 36). Plaintiffs have filed a response (DN 37). Defendant has filed a reply (DN 40). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On March 25, 2006, the home of Plaintiffs Dennis and Phyllis Hobbs was damaged in a fire. At that time, the Hobbs's home was insured under a fire and casualty insurance policy issued by Defendant American Security Insurance Company.

On March 21, 2008, Plaintiffs filed an original complaint in state court alleging breach of contract due to Defendant's failure to pay all of the proceeds collectible under the insurance policy.

Defendant sought removal to federal court based on diversity jurisdiction after Plaintiffs filed their second amended complaint. Plaintiffs assert in their second amended complaint that Defendant acted with bad faith in violation of Kentucky's Unfair Settlement Claims Practices Act.

Defendant served its First Set of Written Discovery Requests separately to each plaintiff on April 7, 2009. DN 27-2; 27-3. A Second Set of Written Discovery Requests was served separately to each plaintiff on April 30, 2009. DN 27-4; 27-5. Plaintiffs initially responded jointly to both sets of written discovery requests on May 26, 2009. DN 27-6; 27-6. Defendant alleges many of the responses were non-responsive and each plaintiff did not answer individually.

On September 25, 2009, counsel for Defendant wrote a detailed letter to counsel for Plaintiffs concerning the incomplete and deficient discovery and demanding it be supplemented by October 2, 2009. DN 27-8. Another letter was written to Plaintiffs counsel on October 16, 2009, following a telephone conference between counsel. DN 27-9. An extension to supplement written discovery and serve expert disclosures was granted, giving Plaintiffs until October 20, 2009. Plaintiffs' initial disclosure deadline was October 15, 2009. On October 20, 2009, Plaintiffs' counsel submitted a draft summary of expert disclosures to Defendant's counsel. DN 28-8. On October 27, 2009, Plaintiffs' counsel sent an email to defense counsel attaching some supplemental discovery, including tax returns, medical records and the insurance policy. DN 28-11.

On November 12, 2009, Defendant filed a motion for sanctions. DN 27. Defendant requests the Court enter an order compelling each plaintiff to separately provide responses, under oath, to Defendant's written discovery requests; order Plaintiffs to pay Defendant's costs including attorney's fees; and preclude Plaintiffs from naming any expert witness.

Plaintiffs filed their response on November 20, 2009, along with supplemented discovery.

DN 28. On November 30, 2009, Plaintiffs' counsel emailed defense counsel with more medical records and a document calculating damages created by Richard Michelson. DN 34-5. Plaintiffs' counsel sent a letter to defense counsel, dated December 8, 2009, requesting further conferencing regarding discovery issues and referencing a conversation on December 4, 2009, regarding discovery issues. DN 34-6. Defendant filed its reply on December 12, 2009, stating that while it "withdraws its request for an order compelling supplementation", costs including attorneys fees are owed as well as preclusion of any expert testimony. DN 30.

On December 14, 2009, Plaintiffs filed a motion to file a surreply brief. DN 32. Defendant filed a response on December 15, 2009. DN 33. An amended motion was filed on December 16, 2009. DN 34. Plaintiffs filed their surreply brief on December 17, 2009. DN 35. Along with the surreply, Plaintiffs also filed the expert report of Richard Michelson, in compliance with Fed. R. Civ. P. 26(a)(2). DN 35-1.

On December 21, 2009, Defendant filed a motion to strike Plaintiffs unauthorized filings, specifically, the filing of Plaintiffs' surreply. DN 36. Defendant also raised an issue regarding the fee arrangement with Plaintiffs expert. Plaintiffs responded on December 24, 2009. DN 37. Defendant replied on January 7, 2010. DN 40.

## STANDARD

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under

Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). The Federal Rules also provide for sanctions when a motion to compel is granted by the court or when a party fails to comply with the requirements of Rule 26. Fed. R. Civ. P. 37(a)(5)(A); 37(c)(1).

## DISCUSSION

First, the Court grants Plaintiffs' motion to a file a surreply and has considered Plaintiffs' surreply in forming this opinion. While the Court had not yet granted Plaintiffs' request for leave to file its motion for surreply when the surreply was filed, as a matter of course the surreply is often filed as an attachment to a party's motion for leave before leave has been granted by the Court. The Court finds the situation here is similar and striking the motion from the record is not warranted. As such, Defendant's motion to strike is denied.

Defendant has submitted a certification of good faith stating that the parties conferred regarding the discovery issues but could not resolve their disagreements. Plaintiffs refute that this requirement was met regarding the expert disclosure stating "defendant did not specifically request verbally or in writing at any time prior to the filing its motion for sanctions that a narrative expert report be provided." DN 35 at 6. However, the Court notes, in a letter dated October 16, 2009, Defendant requested Plaintiffs "supplement [their] responses . . . and serve [their] expert disclosures . . . ." DN 27-10 at 2. This is clear evidence of Defendant's good faith attempt to resolve the discovery disputes without judicial intervention. Plaintiffs' counsel's uncertainty about the requirements for expert disclosure under the Federal Rules of Civil Procedure does not make Defendant's demand for expert disclosures inadequate for the purposes of Rule 37 certification of good faith conferral with Plaintiffs.

4

**I. Written Discovery Requests**

Defendant has withdrawn its request that the Court compel supplementation of Plaintiffs' initial discovery responses; however, Defendant maintains sanctions are warranted as they are required pursuant to Fed. R. Civ. P. 37(a)(5)(A). Rule 37 states:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (a)(5)(A). Therefore, while Defendant is correct that sanctions in the form of expenses and attorneys fees are proper if the "disclosures or requested discovery [are] provided after the motion [to compel] was filed," the Court must also consider that such payment "must not" be ordered if Plaintiffs show their "nondisclosure, response, or objection was substantially justified; or . . . other circumstances [would] make an award of expenses unjust." *Id.*

Defendant seeks sanctions in the form of costs and attorneys fees for Plaintiffs allegedly insufficient discovery responses in May 2009. Plaintiffs have supplemented these responses and have provided substantial justification for the alleged insufficiencies and delay in supplementing, e.g., counsel's poor health, repeated hospital stays, death in counsel's family, as well as staffing and scheduling concerns. The Court finds the Plaintiffs have established their nondisclosure, responses, or objections were substantially justified and an award of expenses would be unjust in this instance.

**II. Expert Disclosure**

Defendant next argues Plaintiffs failure to comply with the expert report obligations

5

warrants preclusion of any expert testimony. Plaintiffs have now filed the expert report of Richard Michelson, which complies with the comport of Rule 26, albiet after the deadline for expert disclosures.

Similarly to the standard set forth in Fed. R. Civ. P. 37(a)(5)(A), Rule 37(c)(1) states:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Again, while Defendant is correct that violation of Rule 26 may lead to exclusion of the testimony of an expert or other witness, this is not required if the failure to disclose was substantially justified or harmless. Harmlessness "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (citations omitted).

In this case, the Court finds Plaintiffs have established at very least the failure to comply with Rule 26 was harmless, if not substantially justified.[1] Plaintiffs have met their burden of establishing their failure to meet the requirements of Rule 26 was harmless by showing failure was an honest mistake due to counsel's belief he was filing documents in compliance with the rule and that Defendant had sufficient knowledge of Plaintiffs experts. It appears from the record that substantially all the information disclosed in the December 17, 2009, Expert Report of Richard Michelson, had been previously provided to Defendant. Identification of Michelson as an expert was not a surprise to Defendant nor were his opinions.

---

[1] The Court notes Plaintiffs' counsel's ignorance as to the Federal Rules of Civil Procedure is not a substantial justification for failure to properly disclose an expert or otherwise comply with Rule 26.

Defendant states Plaintiffs improperly identified three experts in their initial, improper, disclosure after representing to defense counsel Plaintiffs would only have one expert, Michelson. DN 30 at 7. Plaintiffs assert that it was no surprise to Defendant that Plaintiffs would call the additional treating physicians as experts. DN 28 at 29. The record reflects that in Plaintiffs' response to Defendant's Second Set of Written Discovery the Plaintiffs identified both Dr. Brian Dobozi and Dr. Robert Sasser. DN 27-8 at 5. Plaintiffs also stated "[e]xpert medical opinion will be sought" as to their injuries after referencing the Interrogatory in which the treating physicians were identified. DN 27-8 at 5. Plaintiffs have not provided Defendant with proper expert reports from Dr. Dobozi or Dr. Sasser, although it appears the medical records have been produced.

The Court finds Defendant was aware of the likelihood Dr. Dobozi and Dr. Sasser would be disclosed as experts until Plaintiffs represented only one expert would be disclosed pursuant to Rule 26. The deadline set in the Scheduling Order for disclosure of experts has passed; however, the Court finds, in the interest of justice, an extension of time should be granted as to both parties for the disclosure of their experts. This deadline will be determined at the telephonic status conference.

Defendant also argues sanctions are warranted under the Scheduling Order. DN 25. Defendant cites the Court's statement "[i]n the absence of good cause shown, no witness shall be permitted to testify and no exhibit or testimony shall be admitted into evidence, except upon compliance with the conditions of this order." As Plaintiffs have meet the higher standard of Rule 37, the Court finds Plaintiffs have shown good cause for their failure to properly disclose their experts pursuant to Rule 26. The Court finds no sanctions are warranted for Plaintiffs non-compliance with Rule 26 regarding their expert disclosures.

Finally, Defendant asserts in its reply to the motion for sanctions that Plaintiffs' expert,

7

Michelson, is a biased expert and therefore his testimony is inadmissible. DN 30 at 9. This issue is unrelated to the motion for sanctions and will therefore not be addressed by the Court at this time. Similarly, in Defendant's motion to strike, Defendant argues Plaintiffs' expert, Michelson, has an improper fee arrangement. DN 36-2 at 2. While this is an important issue which may determine the admissibility of the expert's testimony, it is unrelated to the motion to strike and will therefore not be addressed by the Court at this time.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Defendant's Motion for Sanctions is DENIED; Plaintiffs' Motion for Leave to file a Surreply is GRANTED; Defendant's Motion to Strike is DENIED. A telephonic status conference is set on **February 11, 2010, at 10:15 a.m., EST,** in order to amend the scheduling order. The Court will place the call to counsel.